UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 AUG 25 PM 4:10
U.S. ---
N.D. OF ALABAMA

| | | |
|---|---|---|
| HAROLD M. FITZGERALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-03-S-1485-NE |
| | ) | |
| BESTWAY SERVICES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
AUG 2 5 2003

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion to remand and for costs on the basis of defendants' defective removal.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Harold M. Fitzgerald, filed a complaint in the Circuit Court of Morgan County, Alabama, on September 10, 2002 (the "initial complaint"),[1] naming as defendants his former employer, Bestway Services, Inc. ("Bestway"), and Tim Austin ("Austin"), the alleged "owner" of the corporate defendant. The initial complaint asserted state law claims for workers' compensation benefits, conversion, suppression, deceit, breach of fiduciary duty, bad faith, and "corporate alter ego."[2] Plaintiff amended his complaint on May 19, 2003 (the "amended complaint"),[3] adding Union Central Life Insurance Company ("Union

---

[1] Doc. No. 1 (Complaint, appended to Notice of Removal).

[2] *Id.*, ¶¶ 45-47, at 7. Essentially, plaintiff sought to pierce the corporate veil shrouding Bestway, and reach Austin personally.

[3] Doc. No. 1 (First Amended Complaint, appended to Notice of Removal).

Central") as a defendant and asserting claims for tortious interference with contractual relationship, breach of contract, and civil conspiracy. All state law claims in the initial and amended complaints, other than plaintiff's workers' compensation claim, were based on Union Central's denial of benefits under a long-term disability insurance policy plaintiff obtained while employed by Bestway and Austin. The amended complaint also added an explicit claim against all defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Union Central filed a notice of removal on June 19, 2003, in which defendants Bestway and Austin joined.[4] The notice of removal asserted federal jurisdiction based on the ERISA claim in the amended complaint, with supplemental jurisdiction over the state law claims. Union Central asserted that the removal was timely because it was filed within thirty days of May 19, 2003, the date on which Union Central was served with a copy of "[t]he initial pleading setting forth the Plaintiff's federal claim for relief."[5]

Plaintiff filed a timely motion to remand and to recover costs due to Union Central's allegedly defective removal.[6] Plaintiff argued the removal was not timely because the defendants named in his initial complaint, Bestway and Austin, did not remove within thirty days of being served on September 14, 2002. According to the plaintiff, the state law claims in the initial complaint were removable from the outset, because they were preempted by ERISA; thus, because Bestway and Austin did not remove within thirty days of receiving the

---

[4] Doc. No. 1 (Notice of Removal).
[5] *Id.* at ¶ 2.
[6] Doc. No. 6.

initial complaint, their later removal should be time barred. Further, plaintiff argued that the workers' compensation claim was exempt from removal under 28 U.S.C. § 1446(c).

Union Central responded to plaintiff's motion to remand on July 28, 2003,[7] asserting that the removal was timely because no federal cause of action existed until the filing of the amended complaint. On August 6, 2003, plaintiff filed a motion to stay proceedings and deadlines in the district court pending a ruling on his motion to remand,[8] to which Union Central joined on August 21, 2003.[9]

## II. DISCUSSION

### A. Remand of Plaintiff's Workers' Compensation Claim

The first issue is whether plaintiff's workers' compensation claim can be remanded. State law workers' compensation claims are generally exempt from removal under the removal statute. *See* 28 U.S.C. § 1445(c). Union Central consents to the remand of plaintiff's workers' compensation claim.[10] The workers' compensation claim was improperly removed. Thus, plaintiff's motion to remand on the workers' compensation claim is due to be granted.

### B. Untimeliness of Union Central's Removal

The second issue is whether removal of plaintiff's other claims was timely. The time requirements for filing a petition for removal are set forth in 28 U.S.C. § 1446(b), reading

---

[7]Doc. No. 8.
[8]Doc. No. 9.
[9]Doc. No. 10.
[10]*See* Doc. No. 8 (Union Central's Response to Plaintiff's Motion to Remand) at 6-8.

in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> *If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained that the case is one which is or has become removable* . . . .

28 U.S.C. § 1446(b) (emphasis added). The Eleventh Circuit has noted that removal statutes should be construed narrowly, and that "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Other courts have evaluated the issue of whether an amendment of the pleadings affects the time period for removal. In *Cantrell v. Great Republic Insurance Co.*, the Ninth Circuit held that, under § 1446(b), the addition of a new defendant in an amended complaint could not restart the time period for removal, when the initial complaint asserted federal claims under the ERISA preemption provisions, but was not removed by the original defendants within the time limit. *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1255-56 (9th Cir. 1989). Because there was "nothing about the addition of a party plaintiff or defendant in the context of th[e] action that either create[d] federal jurisdiction or [made] the

fact of federal jurisdiction newly ascertainable," the case was remanded. *Id.; see also Samura v. Kaiser Found. Health Plan, Inc.,* 715 F. Supp. 970, 971 (N.D. Cal. 1989) ("The addition of defendants . . . does not start the time for removal running anew when the original complaint was removable.").

Further, the district court in *Samura* ruled that the addition of a new federal cause of action in an amended pleading could not restart the time period for removal. *Samura,* 715 F. Supp. at 972. The defendants in *Samura* failed to file a timely notice of removal based on removable claims in the initial complaint. Thus, they were barred from removing on the basis of explicit federal Unfair Practices Act claims added in the amended complaint after the time for removal had expired. *Id.; see also O'Bryan v. Chandler,* 496 F.2d 403, 409 (10th Cir. 1974) ("According to the statute itself, there must be both an amended pleading or paper and a ground for asserting removability that exists *for the first time.*") (emphasis added); *Hubbard v. Union Oil Co.,* 601 F. Supp. 790, 795 (S.D. W. Va. 1985) ("'If a case is removable at the outset, it must be removed within the initial thirty-day period specified by section 1446(b); subsequent events do not make it 'more removable' or 'again removable.'") (citations omitted).

Similarly, in this case, the initial complaint first stated state law claims subject to federal preemption. All parties agree that the state law claims in plaintiff's initial complaint are preempted by ERISA.[11] Thus, the initial complaint was removable as of September 19,

---

[11]*See* Doc. No. 4 (Union Central's answer to the amended complaint) at 1 (asserting that "Plaintiff's state law claims are preempted by [ERISA]"); Doc. No. 8 (Union Central's Response to Plaintiff's Motion to Remand) at 4 (stating that "Defendants Bestway and Austin . . . have an ERISA preemption defense to

2002, and the time period for removal expired thirty days after that. Neither the addition of Union Central as a defendant, nor the addition of an explicit ERISA claim in the amended complaint, can make the case removable more than eight months after the time for removal has expired. *See Cantrell,* 873 F.2d at 1255-56; *Samura,* 715 F. Supp. at 972.

### C.    The Problem of Exclusive Federal Jurisdiction over the Explicit ERISA Claim

The final issue is whether this court must exercise removal jurisdiction over the explicit ERISA claim in the amended complaint. The ERISA statute provides, in pertinent part: "[e]xcept for actions [for Plan benefits] under subsection [§ 502](a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter . . . ." 29 U.S.C. § 1132(e)(1). Union Central properly points out that, even though "[p]laintiff does not specify whether the claim is under ERISA § 502(a)(2) or ERISA § 502(a)(3) or both, . . . the claim is one over which federal courts have exclusive subject matter jurisdiction."[12] The existence of exclusive federal jurisdiction, however, does not preclude remand of the ERISA claim. "It is well established that removal jurisdiction is purely derivative in nature." *McRory v. Hobart Bros. Co.,* 732 F.2d 1533, 1535 (11th Cir. 1984) (citing *Arizona v. Manypenny,* 451 U.S. 232, 242, 101 S. Ct. 1657, 1664-65, 68 L. Ed. 2d 58 (1981); *Lambert Run Coal Co. v. Baltimore & Ohio R.R.,* 258 U.S. 377, 382, 72 (S. Ct. 349, 352, 66 L. Ed. 671 (1922)). Thus, if the state court where an action

---

almost all of the state law claims" in the original complaint.); Doc. No. 6 (Plaintiff's Motion to Remand and for Costs) at 5 ("The defendants cannot dispute that the original complaint set forth claims that were subject to federal jurisdiction under the powerful preemptive force of ERISA.").

[12]Doc. No. 8 (Union Central's Response to Plaintiff's Motion to Remand) at 4.

is originally brought does not have "jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona,* 451 U.S. at 242 n.17, 101 S. Ct. at 1665 (citations omitted); *see also Chilton v. Savannah Foods & Industries, Inc.,* 814 F.2d 620, 623 (11th Cir. 1987) ("[I]f an action brought in state court is one over which the federal courts have exclusive jurisdiction, it cannot be removed from state court to federal court because the state court had no jurisdiction at the outset."); *Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1387 (11th Cir. 1982) ("[T]he jurisdiction of a federal court over a removed case can be no greater than that of the state court whence the case came. . . .").

In this case, the state court possessed no jurisdiction over the ERISA claim plaintiff asserted in the amended complaint, because that type of ERISA claim is subject to exclusive federal jurisdiction. *See* 29 U.S.C. § 1132(e)(1). This court cannot acquire jurisdiction over the claim via removal, even though it could have exercised jurisdiction if the claim had originally been brought in this court. *See Arizona,* 451 U.S. at 242 n.17, 101 S. Ct. at 1665. Accordingly, this court may not exercise removal jurisdiction over the explicit ERISA claim in the amended complaint.

### III. CONCLUSION

In light of the presumption in favor of remand and the untimeliness of Union Central's removal, plaintiff's motion to remand on all claims is due to be granted. Plaintiff's motion to stay proceedings while the remand motion is pending is due to be denied. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this **25th** day of August, 2003.

*/s/ Lynwood Smith/*
United States District Judge