UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HAROLD M. FITZGERALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-03-S-1485-NE |
| ) | |
| BESTWAY SERVICES, INC., et al. ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This action is before the court on plaintiff's motion to remand and for costs on the basis of defendants' allegedly untimely removal.[1]

Plaintiff, Harold M. Fitzgerald, commenced this action in the Circuit Court of Morgan County, Alabama, on September 10, 2002,[2] naming as defendants his former employer, Bestway Services, Inc. ("Bestway"), and Tim Austin ("Austin"), the alleged "owner" of the corporate defendant. The initial complaint asserted state law claims for workers' compensation benefits, conversion, suppression, deceit, breach of fiduciary duty, bad faith, and "corporate alter ego."[3]

Eight months after commencement of the action (i.e., on May 19, 2003), plaintiff amended his complaint, adding Union Central Life Insurance Company ("Union") as a

---

[1] The court previously vacated its prior opinion and order remanding this action to state court, and enters the following opinion and accompanying order in their place. See doc. no. 13 (order entered on Aug. 25, 2003, vacating doc. no. 11 (memorandum opinion) and doc. no. 12 (order) entered earlier the same day).

[2] Doc. no. 1 (copy of state court complaint appended to Notice of Removal).

[3] Id., ¶¶ 45-47, at 7. As best this court can ascertain, plaintiff seeks to pierce the corporate veil shrouding Bestway, and reach the personal pocketbook of Mr. Austin.

defendant, and asserting claims for tortious interference with a contractual relationship, breach of contract, and civil conspiracy.[4] With the sole exception of plaintiff's workers' compensation claim, all state law claims in the initial and amended complaints were based on Union's denial of benefits under a long-term disability insurance policy issued to plaintiff while he was employed by Bestway. Significantly, however, the amended complaint also added an explicit claim against all defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Union filed a notice of removal on June 19, 2003, in which defendants Bestway and Austin joined.[5] The notice of removal asserted federal question jurisdiction based on the ERISA claim in the amended complaint, 28 U.S.C. § 1331, with supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367. Union also alleged that the removal was timely, because it was filed within thirty days of May 19, 2003, the date on which the company was served with a copy of "[t]he initial pleading setting forth the Plaintiff's federal claim for relief."[6]

Plaintiff filed a timely motion to remand, and also to recover costs due to Union's allegedly defective removal.[7] He argued the notice of removal was not timely filed, because the two defendants named in his initial complaint, Bestway and Austin, did not remove within thirty days of being served on September 14, 2002. According to plaintiff, the state law

---

[4]*See* doc. no. 1 (First Amended Complaint, appended to Notice of Removal).
[5]Doc. no. 1 (Notice of Removal).
[6]*Id.* at ¶ 2.
[7]Doc. no. 6.

claims in the initial complaint were removable from the outset, because they were preempted by ERISA; thus, because Bestway and Austin did not remove within thirty days of receiving the initial complaint, their later joinder in the notice of removal filed by Union should bar removal by all defendants. Further, plaintiff argued that the workers' compensation claim was exempt from removal under 28 U.S.C. § 1445(c).

Union responded to plaintiff's motion to remand on July 28, 2003,[8] contending that removal was timely because no federal cause of action existed until the filing of the amended complaint. On August 6, 2003, plaintiff filed a motion to stay proceedings and deadlines in the district court pending a ruling on his motion to remand.[9] Union joined in the motion to stay on August 21, 2003.[10]

## I. DISCUSSION

### A.   Remand of Plaintiff's Workers' Compensation Claim

Plaintiff's workers' compensation claim was improperly removed. *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). Moreover, Union consents to the remand of plaintiff's workers' compensation claim.[11] Thus, this aspect of plaintiff's motion to remand clearly is due to be granted.

### B.   Untimeliness of Union's Removal

---

[8]Doc. no. 8.
[9]Doc. no. 9.
[10]Doc. no. 10.
[11]*See* doc. no. 8 (Union's Response to Plaintiff's Motion to Remand) at 6-8.

The significant, but less clear-cut, issue is whether Union's removal of plaintiff's remaining claims was timely. The time requirements for filing a notice of removal are prescribed by 28 U.S.C. § 1446, reading in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> *If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant*, through service or otherwise, *of a copy of an amended pleading*, motion, order or other paper *from which it may first be ascertained that the case is one which is or has become removable* . . . .

28 U.S.C. § 1446(b) (emphasis supplied). The Eleventh Circuit has noted that removal statutes should be construed narrowly, and that "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

### 1. The last-served-defendant rule

Union urges the court to adopt the so-called "last-served-defendant rule,"[12] which allows each defendant in a suit against multiple defendants thirty days from the date the last defendant is served to file a notice of removal, rather than requiring all defendants to remove

---

[12] *See* Union's Memorandum of Law in Support of Removal Jurisdiction, received on September 2, 2003, at 2-7.

within thirty days of the date on which the first defendant was served. *See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999); *Marano Enterprises v. Z-Teca Restaurants,* 254 F.3d 753 (8th Cir. 2001). Union argues that its removal would be timely under this rule, because its notice of removal was filed within thirty days of the date on which it was served with a copy of plaintiff's *amended* complaint, notwithstanding the fact that the two original defendants were served with a copy of the *original* complaint several months earlier, but failed to remove the preempted state claims.

    a.    **The circuit split**

The Eleventh Circuit has not decided whether to follow the last-served-defendant rule, or its mirror-image, the so-called "first-served-defendant rule."[13] *See Bussey v. Modern Welding Co.,* 245 F. Supp. 2d 1269, 1273 (S.D. Ga. 2003). The other Courts of Appeals which have faced the issue are split.

In *Brierly,* the Sixth Circuit adopted the last-served-defendant rule "as a matter of statutory construction" and fairness. *Brierly,* 184 F.3d at 533. According to the court, "holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert 'first' before 'defendant' into the language of the statute." *Id.* The court refused to read words into the statute, stating that, "[i]f Congress had intended the 30-day removal period to commence upon service of the first defendant, it could have easily so provided." *Id.* Thus, the court held that "a later-served defendant has 30 days from

---

[13]Under the "first-served-defendant rule," all defendants are required to join in the removal within thirty days of the date on which the first defendant was served with the complaint. *See, e.g., Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1262-63 (5th Cir. 1988).

the date of service to remove a case to federal district court, with the consent of the remaining defendants." *Id.*

The Eighth Circuit also adopted the last-served-defendant rule in *Marano Enterprises*, but based on slightly different reasoning. The *Marano* Court — even though it did not find either the first-served or last-served-defendant rule to be "particularly compelling" — held that the last-served-defendant rule should be adopted because it was more consistent with the Supreme Court's decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). *See Marano Enterprises*, 254 F.3d at 756-57. In *Murphy*, the Supreme Court held that formal service of process was required to start the running of the time period for removal, and that mere receipt by a defendant of a facsimile copy of the complaint would not suffice. *Murphy*, 526 U.S. at 350, 119 S. Ct. at 1326-27. The Eighth Circuit believed that, if faced with a choice between the first-served and last-served-defendant rules, the Supreme Court would, in light of its decision in *Murphy*, "allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when — or if — previously served defendants had filed such notices." *Marano Enterprises*, 254 F.3d at 756-57 (citing 16 James Wm. Moore *et al.*, *Moore's Federal Practice* § 107.30[3][a][i], at 107-163 (3d ed. 2000)).

On the other hand, the Fifth Circuit has adopted the first-served-defendant rule, requiring all defendants to join in a notice of removal within thirty days of the date on which the first defendant was served, regardless of when other defendants were served. *See, e.g., Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir.

1988). According to the *Getty* Court, such a rule "promotes unanimity among the defendants without placing undue hardships on subsequently served defendants." *Id.* at 1263. In another case addressing the first-served-defendant rule, the Fifth Circuit reasoned that "[t]he forum for a suit ought to be settled at some time early in the litigation," and that defendants should not be allowed to change forums and cause delay long after the litigation has commenced. *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). Accordingly, the *Brown* Court believed that the rule was not unfair to defendants, because "[a] defendant who is added to a case in which a co-defendant has failed to seek removal is in no worse position than it would have been in if the co-defendant had opposed removal or were domiciled in the same state as the plaintiff." *Id.*

Finally, the Fourth Circuit has adopted a position somewhere in between the first-served and last-served-defendant rules. *See McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924 (4th Cir. 1991). In *McKinney,* the court held that each defendant has thirty days from the date on which it is served to join in "an *otherwise valid* removal petition." *Id.* at 928 (emphasis supplied). Thus, if the original notice of removal filed by an earlier-served defendant is defective in some way, the later-served defendant may not remove, even if it attempts to do so within thirty days of being served. *See id.* at 926 n.3 (stating that, "if [the first-served defendant] does *not* petition for removal within 30 days, the case may not be removed") (emphasis supplied) (citations omitted).

Union relies upon the *Brierly, Marano Enterprises*, and *McKinney* decisions in urging this court to adopt the last-served-defendant rule. Those cases are factually distinguishable,

however, because they involved multiple defendants, *all of whom (or which) were named in the same complaint,* but were served on different dates. *See Brierly,* 184 F.3d at 530-31 (plaintiff filed an amended complaint, but the amendment did not add a new party); *Marano Enterprises,* 254 F.3d at 754; *McKinney,* 955 F.2d at 925. In contrast, Union was added as a party-defendant in the present case by an amended complaint filed well after the time period for removal by the original defendants had expired.

        **b.    Last-served-defendant rule followed by district courts when defendants are added by amended complaint**

Several courts within this Circuit have faced the decision of which rule to apply in factual circumstances that are more like the present action. With no binding Eleventh Circuit precedent on point, the district court decisions have generally reflected some favoritism for both rules. *Compare Smith v. Health Center of Lake City, Inc.,* 252 F. Supp. 2d 1336, 1341-1346 (M.D. Fla. 2003) (indicating that the court was inclined to adopt the first-served-defendant rule, but not officially adopting the rule because remand was proper on other grounds); *Kuhn v. Brunswich Corp.,* 871 F. Supp. 1444, 1447 (N.D. Ga. 1994) (following the first-served-defendant rule); *Faulk v. Superior Industries International, Inc.*, 851 F. Supp. 457, 459 (M.D. Fla. 1994) ("This Court adopts the single-date-of-removal rule adopted by the majority of the courts that have dealt with the timeliness issue.") *with Bussey v. Modern Welding Co.,* 245 F. Supp. 2d 1269, 1274 (S.D. Ga. 2003) ("I decline to adopt the first-served-defendant rule advanced by Plaintiffs in this case."); *Collings v. E-Z Serve Convenience Stores, Inc.,* 936 F. Supp. 892, 893-95 (N.D. Fla. 1996) (adopting the last-served-defendant

rule). Specifically, the Southern District of Georgia pointed out earlier this year that,

> while the majority of multiple defendant cases adhere to the first-served-defendant rule, *these cases tend to involve co-defendants who are named simultaneously in the original complaint.* In the case at bar, Defendant BP Amoco was not named in the original complaint but added after nearly one year of litigation. The application of the first-served-defendant rule to BP Amoco would inequitably deprive it of its removal rights. No policy reason behind the rule justifies this inequity.

*Bussey,* 245 F. Supp. 2d at 1274 (emphasis supplied).

The Northern District of Florida reached a similar result in *Collings*, holding that a defendant who was added seventeen months after the action was commenced was not barred from removing, even though the original defendant had failed to remove within thirty days of the date on which it was served with the complaint. *Collings,* 936 F. Supp. at 895. According to the court, allowing the later-added defendant to remove would not violate the rule requiring all defendants to unanimously join in the removal, because the original defendants still would be required to consent to the later-joined defendant's notice of removal. *Id.* at 894. The court also considered the policy implications of its decision, and concluded that "[a]llowing the initially served defendant the choice of whether to remove, but binding that decision on later-joined defendants leads to inequitable results." *Id.* at 895 (citation omitted). It rejected the argument that following the last-served-defendant rule was unfair to plaintiffs, reasoning that "it is the plaintiff who has chosen to join the new defendant to the lawsuit, not the later-joined defendant. Thus, the plaintiff still has the most control over whether the action may be removed." *Id.*

This court agrees with the reasoning of the *Bussey* and *Collings* decisions, and holds

that, when a new defendant is added in an amended pleading after the time period for removal by the original defendants has expired, the new defendant has thirty days from the date on which it is served with a copy of the amended complaint in which it is first named to remove the case to federal court. Thus, in this case, because Union filed its notice of removal within thirty days of being served with plaintiff's amended complaint, the removal was timely. This result unquestionably rewards the original defendants, Bestway and Austin, by allowing them to join in Union's removal after they allowed their time period for removal to expire. However, the original defendants' untimeliness should not be held against Union. Stated differently, Union's right to remove should not be destroyed by the original defendants' delay. Further, the result is not unfair to plaintiff, because, if plaintiff wanted to avoid the possibility of removal, he could have chosen not to add Union as a defendant.

This decision is limited to the facts of this case, however. It should not be read as holding that this court would follow the last-served-defendant rule in a situation where all defendants were named in the same complaint, but were served with the complaint on different dates. Faced with that situation, the court might reach a different result.

### 2. Amended complaint worked a substantial change in the nature of the original suit

Union also argues that its removal would have been timely, even if this court did not follow the last-served-defendant rule, because the amended complaint changed the nature of plaintiff's case so dramatically that the right to remove was revived.[14] Because the court holds

---

[14] *See* Union's Memorandum of Law in Support of Removal Jurisdiction, at 7-9.

that Union's removal was timely under the last-served-defendant rule, however, it need not reach the merits of Union's revival argument.

### C. The Problem of Exclusive Federal Jurisdiction over the Explicit ERISA Claim

The final issue to be addressed is whether this court must exercise removal jurisdiction over the explicit ERISA claim added by the amended complaint, because the ERISA statute provides, in pertinent part, that: "[e]xcept for actions [for Plan benefits] under subsection [§ 502](a)(1)(B) of this section, *the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter* . . . ." 29 U.S.C. § 1132(e)(1) (emphasis supplied). Union points out that, even though "[p]laintiff does not specify whether the claim is under ERISA § 502(a)(2) or ERISA § 502(a)(3) or both, . . . the claim is one over which federal courts have exclusive subject matter jurisdiction."[15]

This assertion has merit, because plaintiff's explicit ERISA claim includes an allegation of breach of fiduciary duty, which is properly actionable under ERISA § 502(a)(2), not § 502(a)(1)(B).[16] Thus, the court concludes that it would be required to exercise jurisdiction over the explicit ERISA claim even if Union's removal had not been timely.

### D. Costs and Attorney Fees

Plaintiff asks for an award of costs and attorney fees, pursuant to 28 U.S.C. § 1447(c),

---

[15]Doc. no. 8 (Union's Response to Plaintiff's Motion to Remand) at 4.

[16]Plaintiff specifically states that his explicit ERISA claim concerns a breach of fiduciary duty under 29 U.S.C. § 1109. *See* doc. no. 1 (Amended Complaint, attached to Notice of Removal) at ¶ 66. ERISA § 502(a)(2) covers actions brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Section 1109, in turn, addresses liability for breach of fiduciary duty. 29 U.S.C. § 1109.

on remand.[17] Union contends that costs and fees should not be awarded because it reasonably relied on the last-served-defendant rule and the "revival exception" when it filed its removal notice.[18] Because this court holds that Union's removal was timely under the last-served-defendant rule, and because Union properly removed the ERISA claim subject to exclusive federal jurisdiction, Union should not be subjected to an award of costs and attorney fees.

## II. CONCLUSION

Plaintiff's explicit ERISA claim is subject to exclusive federal jurisdiction, and, accordingly, his motion to remand that claim and the ERISA-preempted state law claims is due to be denied. Plaintiff's motion to remand on the workers' compensation claim is due to be granted. Plaintiff's motion for costs and attorney fees will be denied for the reasons stated above. Plaintiff's motion to stay proceedings while the remand motion is pending also will be denied as moot. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 24th day of September, 2003.

_____
United States District Judge

---

[17]Doc. no. 6 (Plaintiff's Motion to Remand and for Costs on Grounds of Defective Removal) at 6. The removal statute provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision of whether to make an award under § 1447(c) is in the sole discretion of the trial court. *See, e.g., Smith v. Health Center of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1346 (M.D. Fla. 2003) (citing *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001)); *Whitlock v. Jackson National Life Insurance Co.*, 32 F. Supp. 2d 1286, 1293 (M.D. Ala. 1998) (citing *IMCO USA, Inc. v. Title Insurance Co. of Minnesota*, 729 F. Supp. 1322, 1324 (M.D. Fla. 1990)).

[18]Union's Memorandum of Law in Support of Removal Jurisdiction, at 11-12.